### WEBSTER *against* M'GINNIS.

#### IN ERROR.

THE defendant in error instituted an action before a jus-
tice of the peace of *Somerset* county, to recover the ba-
lance of a book account for boarding the stage drivers of
the plaintiff in error, and for hay and oats furnished to his
stage horses. The justice gave judgment against the plaintiff
in error, who appealed to the Common Pleas. On the trial
before that Court, *M'Ginnis*, having given in evidence his
book of original entries to support his demand, and it being
admitted by his counsel, that his wife in his absence trans-
acted the ordinary business in the tavern, the defendant
offered to prove, that previous to the first accommodation
furnished by the plaintiff to the defendant, the latter applied
to the plaintiff's wife in his absence, and entered into a spe-
cial contract with the wife for a certain rate per week at
which his stage drivers should be boarded, and certain rates
at which hay, oats and other necessaries should be furnished
for his use.

1812.

SOLOMON
et al.
*v.*
KIMMEL.

*Pittsburg,*
*Saturday,*
*September 19.*

A wife who is
entrusted by her
husband to
transact *the or-*
*dinary business*
*of a tavern,* has
no authority to
bind the hus-
band by a spe-
cial contract to
find oats and
hay for stage
horses, and
board for dri-
vers, at less
than the usual
rates.

1812.

WEBSTER
v.
M'GINNIS.

The Court rejected the evidence, and sealed a bill of exceptions.

*S. Riddle* for the plaintiff in error.

*Weigley* contra.

TILGHMAN C. J. It is a well settled principle, that the husband is not bound by the contract of his wife, unless by some act or declaration prior or subsequent to the contract, his consent may be fairly inferred. In the present instance, the defendant relies on the circumstance of the wife's being entrusted with the ordinary business of the tavern. The question then is, whether this was ordinary business or not? It appears to me that it was not. Ordinary business is the selling in the usual way such articles of provision and liquor as are called for in taverns, and receiving the money for the same, and perhaps it may reasonably be extended to the purchase of provisions necessary to the support of the house. But this was an extraordinary contract. The usual prices were dispensed with, and accommodation for the drivers and horses of the defendant was to be afforded at a less price than the plaintiff usually charged. The plaintiff therefore ought to have been consulted before such a contract could bind him. No proof of his assent having been offered, I am of opinion, that the evidence of the wife's contract was properly rejected.

YEATES J. The contract of a married woman is not binding upon her husband, unless made by his consent either express or implied. Here there is no express consent: but it has been urged, that such consent shall be inferred from the fact admitted, "that the wife of the defendant in error "in his absence transacted the ordinary business of the ta-"vern." It is certain, if the wife usually made contracts of a similar nature, which he afterwards executed or agreed to, that the husband would be concluded thereby, unless his dissent at the time clearly appeared. She would be considered in such instance as his *agent*, or, in the more uncourtly though legal phrase, as his *servant* acting by his command.

The natural idea arising from doing the ordinary business

of a country tavern, is that the party furnished the usual provisions, refreshments and provender to travellers, and received payment therefor; but it would be straining the expressions very far, to extend it to any case of contract respecting a public house of entertainment. Furnishing a line of stages with hay and oats, and the driver with refreshment for months to come, exhibits a case very distinct from the common accommodations of an inn; and I should suppose could no more involve the assent of the husband, than if his wife had agreed to purchase a quarter cask of wine or a barrel of whiskey. I do not consider the articles furnished to the plaintiff in error, to be within the usual routine of the business of an inn; but am of opinion, that we cannot deem the wife the agent or servant of the husband, that the testimony offered was properly overruled, and that the judgment of the Court of Common Pleas be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.